Mark Bettilyon (4798)
Jed H. Hansen (10679)
Ian Wang (15035)
**THORPE NORTH & WESTERN LLP**
175 S. Main St., Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Biomerics, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| BIOMERICS, LLC, a Utah limited liability company,<br><br>        Plaintiff<br>   v.<br><br>NIMBUS CONCEPTS, LLC, a Delaware limited liability company,<br><br>        Defendant. | **COMPLAINT**<br><br>Case No.: 2:17-cv-01059-TS<br><br>Judge Ted Stewart |

Plaintiff BIOMERICS, LLC ("Biomerics") files this Complaint with Jury Demand against Defendant NIMBUS CONCEPTS, LLC. ("Nimbus"). Biomerics complains and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Biomerics is a Utah limited liability company having a principal place of business at 2700 S 900 W, Salt Lake City, UT 84119.

2.      Upon information and belief, Nimbus is a Delaware limited liability company operating out of Denver, Colorado.

1

3. This is a civil action for breach of contract and related claims, pursuant to the laws of the State of Delaware and the Development and Supply Agreement ("D&S Contract"), § 10.10, at issue in this Complaint.

4. This is an action in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between a citizen of the State of Utah and, upon information and belief, a citizen of the State of Delaware. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

5. Nimbus entered into the D&S Contract with Biomerics and has failed to fulfill its contractual obligations to Biomerics pursuant to that contract.

6. Upon information and belief, through its contractual relationship with Biomerics, Nimbus has substantial, continuous contacts within the state of Utah. Accordingly, this Court has general personal jurisdiction over Nimbus pursuant Utah Code Ann. § 78B-3-205.

7. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because Nimbus conducts business in this district directly related to the contract and related behaviors at issue in this case, is subject to the court's personal jurisdiction in this case, and a substantial part of the activity giving rise to the causes of action occurred in this judicial district.

**FACTUAL BACKGROUND**

8. On or about June 1, 2012, Biomerics and Nimbus entered into the D&S Contract, which provides that Biomerics would develop an Electrosurgical Radiofrequency Multi-Tined Expandable Electrode ("Nimbus Device") on behalf of Nimbus according to Nimbus' specifications. A copy of the D&S Contract is attached as Exhibit A.

9. Biomerics, operating under the D&S Contract, developed the Nimbus Device and procured regulatory approval to market and promote the Nimbus Device at great expense and cost to Biomerics.

10. As part of the D&S Contract, Biomerics received requests from Nimbus for work to be performed and provided quotes to Nimbus to conduct said work. Nimbus paid many of the invoices sent to it from Biomerics for work performed.

11. In 2016, Biomerics conducted work pursuant to the D&S Contract and provided an invoice to Nimbus. Nimbus never disputed the amount of the invoice or that it owed Biomerics for the services rendered pursuant to the D&S Contract. Nimbus did not pay Biomerics the amount owed.

12. In the middle of 2016, Nimbus began to suffer as a business; employees left the company and sales of the Nimbus Device decreased significantly.

13. In October of 2016, Nimbus and Biomerics entered into a License to Sell Agreement ("First License to Sell Agreement") whereby Biomerics was granted a 90-day short-term license to sell the Nimbus Device in order to sustain sales to customers while Nimbus and Biomerics negotiated the sale of Nimbus assets to Biomerics. A copy of the First License to Sell Agreement is attached as Exhibit B.

14. Due to disagreement between members of Nimbus' board of directors, an agreement to sell assets to Biomerics was not reached by January 1, 2017.

15. In February of 2017, Nimbus and Biomerics entered into a Second License to Sell Agreement that was effective as of January 1, 2017. The Second License to Sell Agreement granted Biomerics worldwide distribution of the Nimbus Device while efforts between Nimbus board members were made to reach an agreement to sell Nimbus assets to Biomerics. Nimbus

agreed to sell Nimbus assets to Biomerics for approximately $1.4 million with debts owed to Biomerics deducted from that amount. A copy of the Second License to Sell Agreement is attached as Exhibit C.

16. Biomerics has manufactured and sold, and continues to manufacture and sell, the Nimbus Device in good faith pursuant to the First License to Sell Agreement and the Second License to Sell Agreement.

17. As part of its efforts to negotiate an agreement to sell its assets to Biomerics, Nimbus elected to engage an outside law firm to help negotiate agreement between disputing members and represent its legal interests in the sale of its assets to Biomerics. Because Nimbus was struggling as a business, it asked Biomerics if Biomerics would advance Nimbus funds to pay for independent legal representation. Biomerics agreed to do so with the understanding that this amount would be repaid to Biomerics in the form of a further deduction from the sale price of Nimbus assets to Biomerics. Biomerics, thereafter, paid legal fees to Nimbus' outside legal counsel. To date, Biomerics has not been repaid by Nimbus.

18. During the course of internal negotiations among Nimbus members to reach an agreement to sell Nimbus assets to Biomerics, numerous actions and payment of fees were required to maintain the value of the Nimbus assets. Nimbus asked Biomerics to advance Nimbus funds to pay these fees with the understanding that this amount would also be repaid to Biomerics in the form of a deduction from the sale price of Nimbus assets to Biomerics. Biomerics, thereafter, paid the fees required to maintain the value of the Nimbus assets. To date, Biomerics has not been repaid by Nimbus.

19. Biomerics has sent numerous notices to Nimbus requesting that Nimbus pay the amounts owed to Biomerics. As part of that, Biomerics has put Nimbus on notice that Biomerics

holds a lien on product molds used to make Nimbus product and that Biomerics intends to sell those molds in an effort to recoup money lost to Nimbus. Nimbus has not responded to these notices.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Biomerics re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

21. The D&S Contract is a valid and binding contract.

22. Biomerics and Nimbus entered into other oral and written contracts/agreements.

23. Biomerics substantially complied with and/or performed all of its obligations under the D&S Contract and the other related oral and written contracts/agreements.

24. Nimbus has breached the D&S Contract as well as the other related oral and written contracts/agreements, and continues to breach the contracts/agreements, by at least failing to pay for the services rendered by Biomerics pursuant to the contracts/agreements.

25. Nimbus' breach of the D&S Contract, and other related oral and written contracts/agreements, is material and without justification.

26. As a direct and proximate result of Nimbus' breach, Biomerics has suffered, and will continue to suffer, actual damages, both direct and consequential, in an amount to be proven at trial sufficient, at least, to return Biomerics to the position it would have been in had Nimbus' breach not occurred.

## SECOND CAUSE OF ACTION
### (Quantum Meruit)

27. Biomerics re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

28.     Nimbus requested and induced Biomerics to perform services and/or otherwise pay for services rendered to Nimbus outside of the D&S Contract with the intent of repaying Biomerics once those services were rendered, including payment of Nimbus' legal fees and other fees related to the maintenance of Nimbus assets. That repayment was intended to take the form of a reduction in the sale price of Nimbus assets to Biomerics.

29.     Biomerics performed the services for Nimbus and/or paid for services rendered to Nimbus with the expectation that Biomerics would be repaid.

30.     According to the agreement to repay Biomerics, Nimbus was on notice that Biomerics expected to be paid for the services rendered and/or paid to be rendered on behalf of Nimbus.

31.     Nimbus did not repay Biomerics.

32.     Nimbus has received multiple benefits as direct and proximate result of its request to Biomerics and Biomerics' agreement and subsequent performance.

33.     Biomerics has suffered, and will continue to suffer, damages as a result of Nimbus' actions.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

34.     Biomerics re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

35.     Nimbus requested and induced Biomerics to perform services and/or otherwise pay for services rendered to Nimbus outside of the D&S Contract with the intent of repaying Biomerics once those services were rendered, including payment of Nimbus' legal fees and other fees related to the maintenance of Nimbus assets. That repayment was intended to take the form of a reduction in the sale price of Nimbus assets to Biomerics.

36. Biomerics performed the services for Nimbus and/or paid for services rendered to Nimbus with the expectation that Biomerics would be repaid.

37. Nimbus was enriched by the services performed by and/or paid for my Biomerics

38. Nimbus did not repay Biomerics, thus financially harming Biomerics.

39. Nimbus has been unjustly enriched, with no independent justification, as direct and proximate result of its request to Biomerics and Biomerics' agreement and subsequent performance.

40. It would be unjust for Nimbus to retain the benefit conferred upon it by Biomerics and Biomerics has suffered, and will continue to suffer, damages as a result of Nimbus' actions.

41. In the absence of another remedy provided by law, Biomerics is entitled to, at least, reimbursement for the services performed by and/or paid for by Biomerics on behalf of Nimbus.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

42. The D&S Contract is a valid and binding contract with the implied covenants that both parties shall act in good faith and deal with each other fairly.

43. Biomerics and Nimbus entered into other oral and written contracts/agreements with the same implied covenants that both parties shall act in good faith and deal with each other fairly.

44. Biomerics substantially complied with and/or performed all of its obligations under the D&S Contract and the other related oral and written contracts/agreements and has acted in good faith and fairly while doing so.

45. Nimbus has breached the D&S Contract as well as the other related oral and written contracts/agreements, and continues to breach the contracts/agreements, by at least

failing to pay for the services rendered by Biomerics pursuant to the contracts/agreements in a bad faith and unfair manner.

46. Nimbus' breach of the D&S Contract, breach of other related oral and written contracts/agreements, and implied covenants of good faith and fair dealing are material and without justification.

47. As a direct and proximate result of Nimbus' breach, bad faith, and unfair actions, Biomerics has suffered, and will continue to suffer, actual damages, both direct and consequential, in an amount to be proven at trial sufficient, at least, to return Biomerics to the position it would have been in had Nimbus' breach, bad faith, and unfair actions not occurred.

48. Accordingly, Nimbus has breached its implied covenant of good faith and fair dealing with Biomerics.

49. Biomerics has suffered, and will continue to suffer, damages as a result of Nimbus' actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Biomerics respectfully requests that the Court enter judgment in its favor and award Biomerics relief as follows:

A. A judgment that Nimbus is liable to Biomerics for breach of contract, including damages, interest, and pre-judgment interest, for failure to pay for services rendered and expenses incurred;

B. A judgment that Nimbus is liable to Biomerics for damages under the doctrine of quantum meruit;

C. A judgment that Nimbus is liable to Biomerics for damages under the doctrine of unjust enrichment;

D. A judgment that Nimbus is liable to Biomerics for breach of its implied covenant of good faith and fair dealing for failure to pay for services rendered and expenses incurred;

E. Pre-judgment interest on Biomerics' damages as allowed by law;

F. Post-judgment interest on the judgment at the legal rate from the date of judgment;

G. Costs of court; and

H. Such other and further relief as shall seem just and proper to the Court under the circumstances.

## JURY DEMAND

Biomerics demands that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

DATED: September 21, 2017                **THORPE NORTH & WESTERN LLP**

/s/ Jed H. Hansen
Mark M. Bettilyon
Jed H. Hansen
Ian Wang

*Attorneys for Biomerics, LLC*